# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **REDUCE SENTENCE** |
| vs. | ) | |
| | ) | Case No. 3:18-cr-101(2) |
| Kelly Jo Nelsrud, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Kelly Jo Nelsrud moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. Doc. 88. The United States opposes the motion. Doc. 91. For the reasons below, the motion is denied.

In 2019, Nelsrud pleaded guilty to drug conspiracy charges that resulted in serious bodily injury and death. Docs. 44, 45. The presentence investigation report calculated her sentencing range as 168 to 210 months, based on a total offense level of 35 and a criminal history category I. Doc. 57. But because the 20-year mandatory minimum was greater than the low end of the guideline range, her final sentencing guideline range was 240 months. She had no scoreable criminal history points. Id. Nelsrud was sentenced to 150 months in prison. Doc. 66.

Under 18 U.S.C. § 3582(c)(2):

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This exception to the general rule that a court may not modify a term of imprisonment once it has been imposed "represents a congressional act of lenity intended to give prisoners the benefit of

later enacted adjustments to the judgments reflected in the Guidelines." Dillon v. United States, 560 U.S. 817, 828 (2010). But the exception is limited; it "does not authorize a resentencing." Id. at 831. "It permits a sentence reduction within the narrow bounds established by the Commission." Id. In deciding whether to reduce a sentence based on a retroactive amendment to the United States Sentencing Guidelines under 18 U.S.C. § 3582(c)(2), a court must first consider the scope of the reduction authorized by the amendment and then consider whether such a reduction is warranted under 18 U.S.C. § 3553(a). Dillon, 560 U.S. at 826.

Nelsrud generally seeks a sentence reduction under Part B of Amendment 821. But she does not qualify for relief. Part B of Amendment 821 provides an offense level reduction for "zero-point" offenders, who are offenders with no criminal history points. See U.S.S.G. § 4C1.1(a). While Nelsrud had no scoreable criminal history points, the offenses to which she pleaded guilty resulted in both serious bodily injury and death. The reduction under United States Sentencing Guideline § 4C1.1 only applies if, among other things, "the offense did not result in serious bodily injury or death." U.S.S.G. § 4C1.1(a)(4). Because the offenses here did result in serious bodily injury and death, Nelsrud is not eligible for a sentence reduction under Part B of Amendment 821.

After extensive review the entire record and the relevant legal authority, Nelsrud's motion to reduce sentence (Doc. 88) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 8th day of April, 2024.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court